11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Roxie Ann Mayes

Appellant

Vs.                   No.  11-01-00301-CR C
Appeal from Taylor County

State of Texas

Appellee

 

Upon her plea of no contest, the trial court
convicted appellant of possession of cocaine and assessed her punishment at
three years confinement.  We
affirm.  

In her sole issue on appeal, appellant contends
that the trial court failed Ato
enter of record on the minutes of the court its approval of Appellant=s waiver of a jury trial.@  TEX. CODE CRIM. PRO. ANN. art. 1.13 (Vernon Supp. 2002) provides
that a defendant has the right, upon entering a plea, to waive the right to
trial by jury.  Article 1.13 states that
the waiver must be:

[M]ade
in person by the defendant in writing in open court with the consent and
approval of the court, and the attorney representing the State.  The consent and approval by the court shall
be entered of record on the minutes of the court, and the consent and approval
of the attorney representing the State shall be in writing, signed by him, and
filed in the papers of the cause before the defendant enters his plea.  

 

The record shows that appellant waived her right
to trial by jury in open court and in writing. 
The attorney for the State and the trial court signed an approval of
appellant=s waiver of
her rights which is included in the record. 
The record shows that appellant freely and voluntarily waived her right
to trial by jury and that her waiver was approved by the trial court and by the
attorney for the State.  Any error in
failing to include in the record on the minutes of the court the approval of
the jury waiver did not affect appellant=s
substantial rights.  TEX.R.APP.P.
44.2(b); see Whitmire v. State, 33 S.W.3d 330 (Tex.App. ‑ Eastland 2000,
no pet=n).  Appellant=s
sole issue on appeal is overruled.








The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

April 11, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.